COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-06-066-CR

LOUIS JACOB OZUNA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF ARCHER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Louis Jacob Ozuna appeals his conviction for injury to a child.  In three issues, appellant asserts that the trial court erred by ruling that evidence of his prior bad acts was admissible to impeach a defense witness and that his trial counsel provided him ineffective assistance of counsel.  We affirm.  

Appellant was indicted for injury to a child.  After hearing all the evidence, a jury found him guilty, and the trial court assessed his punishment at ten years’ imprisonment.  This appeal followed.

In his first two issues, appellant complains that the trial court erred by ruling at a preliminary hearing that it would admit evidence of appellant’s prior bad acts for impeachment purposes during the State’s cross-examination of the defense’s sole witness in violation of rules 608(b) and 613(b).
(footnote: 2)  The record shows, however, that the trial court never made such a ruling; in fact, it expressly declined to make a ruling until the evidence was presented.  The evidence was never presented.  

It is axiomatic that to complain of a ruling or action by the trial court on appeal, the record must show that the ruling or action complained of occurred.
(footnote: 3)  If it does not, there is nothing to review.
(footnote: 4)  Because the action or ruling complained of does not appear in the record, we overrule appellant’s first and second issues. 

In his third issue, appellant asserts that his trial counsel was ineffective because (1) he failed to obtain a ruling regarding the admissibility of the evidence of prior allegations of domestic violence between appellant’s wife, Cheyenne Franzen, and appellant and (2) elicited evidence from Franzen about those allegations during punishment.  

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.
(footnote: 5)  In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.
(footnote: 6)  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
(footnote: 7)  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.
(footnote: 8)  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”
(footnote: 9)
 The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.
(footnote: 10)  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.
(footnote: 11)  A reasonable probability is a probability sufficient to undermine confidence in the outcome.
(footnote: 12)  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.
(footnote: 13)
 A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.
(footnote: 14)  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”
(footnote: 15)  
An appellate court is not required to indulge in speculation concerning counsel’s decision-making processes or to imagine reasons why counsel acted or failed to act in a particular manner.
(footnote: 16)  Thus, when the record is silent as to counsel’s reasons for performing or failing to perform in the manner alleged, we cannot conclude that counsel’s performance was deficient.
(footnote: 17)  

Appellant in this case did not file a motion for new trial raising ineffective assistance that would have allowed counsel to explain any trial strategy upon which his decisions may have been based.  Because there is no record to show trial counsel’s reasons for acting or failing to act in the manner challenged by appellant, we hold that appellant has failed to establish that his counsel's assistance was ineffective.  We overrule appellant’s third issue.

Having overruled all of appellant’s issues, we affirm the trial court’s judgment.   

PER CURIAM

PANEL F:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. Evid.
 608(b), 613(b).  

3:
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

4:
Tex. R. App. P.
 33.1(a)(2); 
Mendez
, 138 S.W.3d at 341.

5:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

6:
Thompson
, 9 S.W.3d at 813.

7:
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.

8:
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.

9:
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

10:
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. 

11:
Id.
 at 694, 104 S. Ct. at 2068.

12:
Id.

13:
Id.
 at 697, 104 S. Ct. at 2070.

14:
Thompson
, 9 S.W.3d at 813-14.

15:
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63); 
see also 
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); 
Thompson
, 9 S.W.3d at 813-14; 
Ex Parte Okere
, 56 S.W.3d 846, 855-56 (Tex. App.—Fort Worth 2001, pet. ref’d); 
Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.) (all noting that the record on direct appeal is generally insufficient to show that counsel’s performance was so deficient as to meet the first prong of the 
Strickland
 standard).
 
 

16:
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

17:
Id.